## CIRCUIT COURT OF FAIRFAX COUNTY

Willard Hagan

v.

Fairfax County
Board of Supervisors

November 12, 1997

BY JUDGE STANLEY P. KLEIN

Petitioner Willard Hagan appeals the Fairfax County Executive's determination that Hagan failed to comply with the grievance procedures set forth in Chapter 17 of the Fairfax County Personnel Regulations ("Chapter 17"). Specifically, the defendant Board of Supervisors of Fairfax County (the "County") contends that Hagan's grievance was not timely filed. After considering the written briefs and oral arguments of both parties, the County Executive's determination of non-grievability is reversed for the reasons articulated below.

On February 24, 1997, Hagan filed a written grievance with James Zook, Director of the Office of Comprehensive Planning ("OCP"), after Hagan's application for a position with the Zoning Permit Review Branch ("ZPRB") was rejected. In that writing, Hagan requested that Steps 1 and 2 of the grievance procedure, contained in § 17.5 of Chapter 17, be waived.[1] Zook responded to Hagan's February 24 memo on February 25, 1997, and agreed to waive Steps 1 and 2. In addition, Zook instructed Hagan to submit a Step 3[2] Complaint Form with him, to be followed by a personal meeting. Zook did not inform Hagan of any deadline in which to file the Step 3 complaint.

---

[1]  Section 17.5 establishes the steps to be taken whenever a county employee intends to file a grievance. 17.5-1 ("Step 1") provides that the employee shall "discuss" the complaint with his or her supervisor. If the grievance is not resolved after Step 1, the employee may submit a written complaint to the Division Supervisor under 17.5-2 ("Step 2").

[2]  Pursuant to § 17.5-3, an employee may submit a Step 3 Complaint Form to the Agency Head after Steps 1 and 2 have been completed.

On June 5, 1997, Zook notified Hagan that he had failed to timely submit the Step 3 complaint pursuant to Chapter 17, § 17.5-3, and that Hagan was therefore precluded from continuing with his grievance. Hagan responded by filing a Step 3 complaint on June 12. In a memorandum to Hagan dated June 25, 1997, Zook reiterated his position that Hagan's complaint was not timely filed.[3] On June 30, Hagan submitted a Request for Grievability Determination with the County Executive pursuant to Chapter 17, § 17.5-4. The County Executive rejected Hagan's grievance on July 15 on the basis of untimeliness. Hagan received the July 15 rejection on July 18 and subsequently filed a Notice of Appeal on July 30. On August 8, the County transmitted the appropriate papers to this court under § 17.5-4(c).

Va. Code §§ 15.1-7.1 and 15.1-7.2 provide the foundation for establishing grievance procedures for government employees. The purpose behind the Virginia statute is to address employee complaints in an expeditious fashion. *See* Va. Code § 15.1-7.2(6)(a). While local governments may set forth their own guidelines with respect to grievances, such provisions must comply with the minimum statutory requirements articulated in §§ 15.1-7.1 and 15.1-7.2. Furthermore, procedural safeguards are established in § 15.1-7.2(7)(a) which require notification of noncompliance and an opportunity to remedy such noncompliance within a specified time period.

The County argues that Hagan failed to timely submit his Step 3 complaint pursuant to Chapter 17, § 17.5-3, which provides that a grievant shall file a Step 3 complaint "within five workdays of receipt of the last response."[4] *Id.* In support of its contention, the County notes that Hagan filed his Step 3 complaint on June 12, 1997, nearly four months after Hagan received Zook's February 25 memorandum. Consequently, the County asserts that Hagan did not comply with the time limits established in § 17.5-3. The Court disagrees.

Zook's February 25 response did not set forth any time limitation in which to file the Step 3 complaint. In addition, there is no way to calculate the appropriate time frame for Step 3 action pursuant to Chapter 17, § 17.5-3, based on the County's waiver of Steps 1 and 2. Although Step 3 provides that the grievant shall file a Step 3 Complaint within five work days of receipt of

---

[3] In his June 25th memorandum, Zook also briefly addressed the merits of Hagan's grievance and concluded that it was unfounded. However, both parties agree that this Court need only decide whether the County's determination of non-grievability based on noncompliance with the Chapter 17 procedures was warranted.

[4] The "last response" generally occurs in Step 2, or in Step 1 where no Division Supervisor exists. *See, Step 3 Complaint Form.* "Last response," however, is not actually defined in the regulations.

the "last response," the waiver of Steps 1 and 2 effectively disposed of this requirement because no "last response" ever existed by which to determine the appropriate Step 3 timing procedure. Hence, there is no basis to conclude that Hagan's Step 3 complaint was untimely.

Even if Hagan had failed to timely submit his Step 3 complaint, the Court's ruling would be no different. Chapter 17, § 17.10, and Va. Code § 15.1-7.2(7)(a) provide that a party not in compliance with the grievance procedures is entitled to notification of the noncompliance and five work days to rectify any procedural error. *Id.* In this case, the County did not notify Hagan of the alleged noncompliance until June 5, 1997. Hagan filed his Step 3 complaint on June 12, five work days after notice was provided. Consequently, Hagan conformed to the requirements of Chapter 17, § 17.10, and Va. Code § 15.1-7.2(7)(a).

The Court rejects the County's position that § 17.10 and § 15.1-7.2(7)(a) are not applicable in this case. Chapter 17, § 17.10, applies after the filing of an "initial complaint." *Id.* Although Chapter 17 does not define what constitutes an "initial complaint," Hagan's February 24 memorandum appears to trigger the cure provision in that it specifically notified Zook of Hagan's grievance and the basis therefor. Furthermore, the Court cannot ignore the plain language of Virginia Code § 15.1-7.2(7)(a). Under that section, the cure provision takes effect after the filing of a "written grievance." Clearly, Hagan's February 24 memorandum constituted the "written grievance" contemplated by the Virginia Code. Therefore, Hagan cured any noncompliance within the specified period.

Finally, this Court rejects the County's assertion at oral argument that Hagan failed to properly notice his appeal to this Court. The record submitted with defendant's brief clearly shows that Hagan complied with all requirements set forth in § 17.5-4. In addition, the County's contention that Hagan did not meet the guidelines established in § 17.10-3 is without merit. Section 17.10-3 provides that a party determined not to be in compliance with the county grievance procedures shall file a petition with the circuit court within thirty days of such determination. However, in his written non-grievability determination, the County Executive instructed Hagan to follow the procedures articulated in § 17.5. *See, July 15, 1997, Griffin Letter.* Moreover, defendant concedes in its written brief that this matter is "properly before" the Court. *See, Defendant's Brief,* p. 2, n. 3. In light of the County's position established before oral argument, the Court cannot accept the County's assertion that Hagan did not comply with the dictates of § 17.10-3. Therefore, this Court has jurisdiction to address the appeal.

Accordingly, the County Executive's determination of non-grievability on the basis of untimeliness is reversed, and this case is remanded to the County Executive for further proceedings.